UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OFFICE FURNITURE RENTAL ALLIANCE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | 3:11-cv-01889-JBA<br><br>**FORM 26(f)**<br>**REPORT OF PARTIES'**<br>**PLANNING MEETING** |

Date Complaint Filed: 12/05/11

Date Complaint Served: 12/06/11

Date of Defendant's Appearance: 12/21/11

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. 1. Civ. R. 16, counsel for the parties have conferred several times regarding this matter, beginning January 19, 2012. The participants were:

- Finley T. Harckham and Amanda Winalski, for plaintiff Office Furniture Rental Alliance, LLC ("Office Furniture")

- Jeffrey E. Potter, for defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual")

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II.  JURISDICTION

### A.  Subject Matter Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs. Office Furniture is a Delaware Limited Liability Company with its principal place of business in East Hartford, Connecticut. Liberty Mutual is a Wisconsin corporation with its principal place of business in Boston, Massachusetts.

### B.  Personal Jurisdiction

Personal jurisdiction is not contested.

## III.  BRIEF DESCRIPTION OF CASE

### A.  Claims of Plaintiff:

This is an action for breach of contract and misrepresentation, concerning the parties' rights under a policy of insurance issued to Office Furniture by Liberty Mutual.

Plaintiff, which is in the business of selling and renting office furniture, contends that in 1998, the insurance agent of Liberty Mutual recommended that Plaintiff purchase "blanket" coverage for the contents of its warehouses, which would insure each of the Plaintiff's various locations for up to a single, blanket aggregate limit that would far exceed the value of the insured property at any one location. Plaintiff accepted Defendant's recommendation and purchased a property insurance policy from Defendant with a blanket limit of coverage. Every year until 2001, Plaintiff renewed its blanket limit property insurance with Defendant. In 2001, Plaintiff did not renew its

property insurance coverage with Defendant, but continued to purchase other types of insurance policies for other risks from Defendant.

In 2002, Plaintiff placed its property insurance with Defendant. Defendant issued Plaintiff a policy that had no blanket limit, but instead had a separate limit of coverage for each insured location. Plaintiff contends that it was unaware that Defendant had not issued blanket coverage. Every year from 2003-2009, Plaintiff renewed its property insurance with Defendant. Plaintiff contends that it renewed with the understanding and expectation that it was being provided with blanket coverage.

On December 7, 2009, a fire occurred at Plaintiff's warehouse at 71 George Street, East Hartford, Connecticut, which caused damage to the building and its contents. Plaintiff submitted a claim to Defendant for physical damage to its property sustained in the fire. Defendant did not pay the entire loss, on the ground that the coverage under the policy for the warehouse was subject to a location limit. Plaintiff contends that, had the policy provided coverage on a blanket limit basis, the coverage limit would have been sufficient to cover all of its loss.

Plaintiff contends that Defendant failed to provide blanket limit coverage under the policy, as agreed, which constitutes a breach of contract and negligent misrepresentation.

**B.     Defenses and Claims of Defendant**

The Defendant has not yet formulated a response to the plaintiff's complaint.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. None at this time.

## V. CASE MANAGEMENT PLAN:

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases indicated herein.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. Should one be held, the parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until July 15, 2012 to file motions to join additional parties and until July 15, 2012 to file motions to amend the pleadings.

2. Defendants should be allowed until July 15, 2012 to file motions to join additional parties and 21 days to file a response to any amended complaint. Defendants' response to the operative complaint is due February 3, 2012.

### E. Discovery

a. The parties anticipate that discovery will be needed in connection with or relating to the following subjects: the underwriting and delivery of the property insurance policies Plaintiff had with Defendant for policy periods 1998 through and including 2009, including renewal of these policies; the parties' relationship from 1998 through 2009; the parties' knowledge concerning blanket coverage during this period, particularly concerning coverage for Plaintiffs' risks; communications with Defendant's agent, James LaVangie concerning coverage under these policies; Defendant's Policy No. YU2-Z11-252641-089, including the placement and claims made under this policy; the fire that occurred December 7, 2009.

b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 15, 2012 and completed (not propounded) by November 30, 2012.

c. Discovery will not be conducted in phases.

d. Discovery will be completed by November 30, 2012.

e. The parties anticipate that the plaintiff will require a total of 2 depositions of fact witnesses and that the defendant will require a total of 2 depositions

of fact witnesses. Depositions will commence by June 1, 2012 and be completed by August 30, 2012.

   f.  The parties will not request permission to serve more than 25 interrogatories.

   g.  Plaintiff intends to call one expert witness at trial. Plaintiff will designate its trial expert and provide opposing counsel with reports from its retained expert pursuant to Fed. R. Civ. P. 26(a)(2) by August 30, 2012. Deposition of its expert will be completed by September 30, 2012.

   h.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2012. Depositions of any such experts will be completed by October 30, 2012.

   i.  A damages analysis will be provided by May 1, 2012.

   j.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

   k.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, and have agreed upon the following procedure:

Any party may request the return of any inadvertently produced document as to which that party asserts the attorney-client or work-product privilege or the reclassification of any misclassified document which the producing party claims to be privileged. Any such inadvertent production will not be considered to have waived any claim of privilege or protection from discovery. A request for the return of an inadvertently produced document shall identify the document inadvertently produced and the basis for withholding such document from production or shall identify the misclassified document and the basis for the reclassification requested. Upon receipt of such a request, each person who received the inadvertently produced privileged document shall make a good faith attempt to locate and return all copies of the inadvertently produced document. The return of any such inadvertently produced or misclassified document shall not be construed as a waiver by the person returning the document of its right to challenge the assertion of the privilege or confidentiality on any ground other than the inadvertent production itself. The inadvertent publication of a document by the Court shall not constitute a waiver of any applicable privilege.

**F.   Dispositive Motions:**

Dispositive motions will be filed on or before December 15, 2012.

**G.   Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 15, 2013.

**VI.   TRIAL READINESS**

The case will be ready for trial by February 15, 2013.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

By:     s/ Finley T. Harckham
Finley T. Harckham (CT 26403)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
Facsimile: 212-278-1733
    -and-
Amanda Winalski (CT 27727)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT 06901
Telephone: 203-388-7950
Facsimile: 203-388-0750

*Attorneys for: Plaintiff*
Office Furniture Rental Alliance, LLC


Ct26356
Jeffrey E. Potter (CT 26356)
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1121
Telephone: 860-249-1361
Facsimile: 860-249-7665
Facsimile: 860-246-2375

*Attorneys for: Defendant*
Liberty Mutual Fire Insurance Company

nydocs1-982548.1