UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OFFICE FURNITURE RENTAL ALLIANCE, LLC, | 3:11-cv-01889-JBA |
| Plaintiff, | |
| vs. | February 23, 2012 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

### Plaintiff's Objection to Defendant's Motion for More Definite Statement

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Plaintiff Office

Furniture Rental Alliance, LLC ("Office Furniture") respectfully objects to Defendant's

Motion for More Definite Statement dated February 3, 2012, which seeks "to clarify

and/or amplify the slang phrase 'in-house insurance agent' in paragraph 10" of the

Complaint. Plaintiff objects on the grounds that such paragraph is sufficiently pled in

accordance with the Federal Rules of Civil Procedure.

### I.   BACKGROUND

This is an action for breach of contract and misrepresentation, concerning the

parties' rights under a policy of insurance issued to Office Furniture by Defendant

Liberty Mutual Insurance Company ("Liberty Mutual").

Plaintiff, which is in the business of selling and renting office furniture, contends

that in 1998, the insurance agent of Liberty Mutual recommended that Plaintiff purchase

"blanket" coverage for the contents of its warehouses, which would insure each of the

Plaintiff's various locations for up to a single, blanket aggregate limit that would far

exceed the value of the insured property at any one location. Plaintiff accepted

983420.1

Defendant's recommendation and purchased a property insurance policy from Defendant with a blanket limit of coverage. Every year until 2001, Plaintiff renewed its blanket limit property insurance with Defendant. In 2001, Plaintiff did not renew its property insurance coverage with Defendant, but continued to purchase other types of insurance policies for other risks from Defendant.

In 2002, Plaintiff placed its property insurance with Defendant. Defendant issued Plaintiff a policy that had no blanket limit, but instead had a separate limit of coverage for each insured location. Plaintiff contends that it was unaware that Defendant had not issued blanket coverage. Every year from 2003-2009, Plaintiff renewed its property insurance with Defendant. Plaintiff contends that it renewed with the understanding and expectation that it was being provided with blanket coverage.

On December 7, 2009, a fire occurred at Plaintiff's warehouse at 71 George Street, East Hartford, Connecticut, which caused damage to the building and its contents. Plaintiff submitted a claim to Defendant for physical damage to its property sustained in the fire. Defendant did not pay the entire loss, on the ground that the coverage under the policy for the warehouse was subject to a location limit. Plaintiff contends that, had the policy provided coverage on a blanket limit basis, the coverage limit would have been sufficient to cover all of its loss.

Plaintiff contends that Defendant failed to provide blanket limit coverage under the policy, as agreed, which constitutes a breach of contract and negligent misrepresentation.

On February 3, 2012, Defendant filed a Motion for a More Definite Statement directed to Paragraph 10 of the Plaintiff's Complaint. Paragraph 10 provides:

2

983420.1

> At all relevant times, Plaintiff purchased its insurance from Defendant through the same in-house insurance agent at Liberty Mutual, James LaVangie. Mr. LaVangie held himself out to Plaintiff as having expertise in advising companies about their insurance needs.

Defendant moved for a more definite statement to "clarify and/or amplify the slang phrase 'in-house insurance agent'" contained in Paragraph 10 of the Complaint and requested Plaintiff "state the legal relationship alleged to exist between the Defendant and LaVangie and a general statement of facts of upon which said relationship is alleged to exist." Plaintiff objects on the grounds that Paragraph 10 is sufficiently pled in accordance with the Federal Rules of Civil Procedure.

## II.   ARGUMENT

Rule 12(e), the basis for Defendant's Motion, provides in part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

A motion for a more definite statement will be "granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Cendant Corp. v. Shelton*, 2007 WL 460671, *1 (D. Conn. Feb. 7, 2007)(citations omitted)(motion for more definite statement denied). A motion for a more definite statement will *not* be granted "if the complaint complies with Rule 8 of the Federal Rules of Civil Procedure, which requires a mere short and plain statement of the claim showing that the pleader is entitled to relief, and which does not require technical forms of pleadings." *Id.* (Citations omitted.)

Rule 12(e) "is intended to address unintelligibility, rather than a lack of detail." *In re Noroton Heights Enterprises Corp.*, 96 B.R. 11, 15 (Bankr. D. Conn. Feb. 8, 1989)

3

(citations omitted). "If the opposing party is fairly informed of the nature of the claim by the complaint, a motion for a more definite statement should not be granted. Such motions are not favored and should not be used as a substitute for discovery." *Id.* (citations omitted) (motion for more definite statement denied where defendant failed to show that complaints were unintelligible under Rule 12(e), and the information sought was available through discovery).

In the instant case, Plaintiff's Paragraph 10 sufficiently complies with the Federal Rules of Civil Procedure, which requires nothing more than a short and plain statement of the claim showing that Plaintiff is entitled to relief. There is nothing vague or ambiguous about Plaintiff's Paragraph 10. Plaintiff explicitly identifies Mr. LaVangie as the person from whom it purchased its insurance and, *inter alia*, discussed its insurance property needs. These allegations fairly inform Defendant of the claim and simply cannot be characterized as unintelligible: Plaintiff identifies this individual by name. No further pleading is necessary.

A court grants a motion for a more definite statement only where the complaint is so vague that the defendant cannot possibly craft a responsive pleading. Surely, Defendant does not seriously contend that it is so confused by Plaintiff's use of the term, "in-house insurance agent," its description of the agent, its identification of Mr. LaVangie, or its lengthy description of his conduct that it is incapable of responding to the Complaint. The term "in-house" is self-explanatory; it obviously refers to an individual employed by Defendant Liberty Mutual. Further, Liberty Mutual is well aware that Mr. LaVangie is an employee, which renders this motion frivolous, merely intended to cause delay. Defendant's contention that Paragraph 10 is vague and ambiguous is

4

simply a dilatory tactic to obtain more time to file a responsive pleading to the Complaint.  There is no reason to revise the Complaint as it fully comports with the Federal Rules of Civil Procedure.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for a More Definite Statement.

By:   s/ Finley T. Harckham
Finley T. Harckham (CT 26403)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000
Facsimile:  212-278-1733
            -and-
Amanda Winalski (CT 27727)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT  06901
Telephone:  203-388-7950
Facsimile:  203-388-0750

*Attorneys for: Plaintiff*
Office Furniture Rental Alliance, LLC

5

## CERTIFICATION

This is to certify that on the above date, a copy of the foregoing Objection was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Jeffrey E. Potter, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114


s/ Finley T. Harckham
Finley T. Harckham

983420.1