**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OFFICE FURNITURE RENTAL ALLIANCE, LLC, | 3:11-cv-01889-JBA |
| Plaintiff, | June 25, 2012 |
| vs. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ORAL ARGUMENT REQUESTED |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Office Furniture Rental Alliance, LLC ("Office Furniture") respectfully files this opposition to Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion To Dismiss dated June 4, 2012 ("Motion"), which seeks to dismiss Plaintiff's breach of contract claim per Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim is more than sufficient to survive Defendant's Motion and the Court should deny the Motion.[1]

## I.   FACTUAL BACKGROUND

This is an action for breach of contract and negligent misrepresentation, concerning the Parties' rights under a policy of insurance sold to Office Furniture by Defendant Liberty Mutual.

Plaintiff, which is in the business of selling and renting office furniture, contends that in 1998, the insurance agent of Liberty Mutual recommended that Plaintiff purchase

---

[1] Liberty Mutual only seeks dismissal of Plaintiff's first cause of action, Breach of Contract, not Plaintiff's second cause of action, Negligent Misrepresentation. Memorandum of Law in Support of Motion To Dismiss ("Memo of Law") at 6.

ORAL ARGUMENT REQUESTED

nydocs1-990091.2

"blanket" coverage for the contents of its warehouses, which would insure each of the Plaintiff's various locations for up to a single, blanket aggregate limit that would far exceed the value of the insured property at any one location. See Plaintiff's Complaint at ¶¶ 6-11. Plaintiff accepted Defendant's recommendation and purchased a property insurance policy from Defendant with a blanket limit of coverage. Id. at ¶ 12. Every year until 2001, Plaintiff renewed its blanket limit property insurance with Defendant. Id. at ¶ 13. In 2001, Plaintiff did not renew its property insurance coverage with Defendant, but continued to purchase other types of insurance policies for other risks from Defendant. Id. at ¶ 14.

In 2002, Plaintiff again placed its property insurance with Defendant. Plaintiff sought the same type of blanket coverage that Defendant had sold it in the past. Id. at ¶ 15. Defendant sold Plaintiff a policy that had no blanket limit, but instead had a separate limit of coverage for each insured location. Id. at ¶ 16. Plaintiff contends that it was unaware that Defendant had not issued blanket coverage. Every year from 2003-2009, Plaintiff renewed its property insurance with Defendant. Plaintiff contends that it renewed with the understanding and expectation that it was being provided with blanket coverage. Id. at ¶ 17.

On December 7, 2009, a fire occurred at Plaintiff's warehouse at 71 George Street, East Hartford, Connecticut, which caused damage to the building and its contents. Id. at ¶ 18. Plaintiff submitted a claim to Defendant for physical damage to its property sustained in the fire. Id. at ¶ 19. Defendant did not pay the entire loss, on the ground that the coverage under the policy for the warehouse was subject to a location

2

ORAL ARGUMENT REQUESTED

nydocs1-990091.2

limit. *Id.* at ¶ 20. Plaintiff contends that, had the policy provided coverage on a blanket limit basis, the coverage limit would have been sufficient to cover all of its loss.

Plaintiff contends that Defendant failed to provide blanket limit coverage under the policy, as agreed, which constitutes a breach of contract and negligent misrepresentation.

## II.   PROCEDURAL BACKGROUND

Defendant Liberty Mutual has repeatedly attempted to stall the progression of this case since its inception in December, 2011. Liberty Mutual initially filed a motion to extend its deadline to respond to Plaintiff's Complaint. Then, in February 2012, Liberty Mutual filed a frivolous motion for a more definite statement, which was subsequently denied by this Court. The Court's Order denying Liberty Mutual's February motion set the deadline for Liberty Mutual to file a responsive pleading on June 4, 2012. Liberty Mutual still has not filed a responsive pleading nor has it responded to discovery. Instead, on June 4, 2012, Liberty Mutual filed the instant Motion, which is yet another frivolous attempt to stall this case.

## III.   ARGUMENT

### A.   The Standard of Review for a Rule 12(b)(6) Motion Is Favorable to the Plaintiff.

When considering a motion to dismiss, the Court must accept the facts alleged in the complaint as true, draw inferences in the light most favorable to the plaintiff and construe the complaint liberally. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550

3

ORAL ARGUMENT REQUESTED

U.S. 544, 570 (2007)). Detailed allegations are not required, and a claim will be found facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff Properly Alleges the Elements of a Breach of Contract Claim.

Plaintiff has properly pled the elements of a breach of contract cause of action. Liberty Mutual generally contends that the allegations do not include an "offer," nor do the facts support a "meeting of the minds." Liberty Mutual mischaracterizes the nature of Plaintiff's Complaint and the facts alleged therein. Plaintiff's Complaint does plead the necessary elements of a breach of contract action, especially the following paragraphs:

> 17. Every year from 2003-2009 Plaintiff renewed its property insurance with Defendant with the understanding that it was being provided with the same coverage it had until 2001 and that it requested in 2002. Plaintiff was unaware that the property insurance policies issued to it by Defendant during this period did not provide blanket coverage. During this period Plaintiff continued to deal with Mr. LaVangie, who never told Plaintiff that its coverage was not being issued on a blanket basis...

> 22. Defendant agreed in 2002 to issue the same type of property insurance to Plaintiff that it had issued from 1998-2001, which was coverage with a blanket limit of liability. Thereafter, Defendant agreed to renew Plaintiff's coverage on the same basis.

> 26. Defendant's failure to provide blanket limit coverage under the Policy as agreed with Plaintiff constitutes a breach of contract.

4

ORAL ARGUMENT REQUESTED

nydocs1-990091.2

These allegations, coupled with others in the Complaint, sufficiently present the elements of breach of contract and are distinct from those allegations relating to negligence.

Specifically, Plaintiff alleges that each year, including 2009, Liberty Mutual agreed to renew Plaintiff's coverage on the blanket limit basis. See Complaint at ¶ 22. Liberty Mutual fails to cite any case law that supports its disjointed argument. Furthermore, this Court has found that the agreement to renew does not have to be as definite as the original agreement, "since the renewal agreement is presumed to adopt and have reference to the terms of the existing or expiring policy." *Westchester Fire Ins. Co. v. Tantalo*, 273 F. Supp. 7, 17 (D. Conn. 1967). Similarly, the policyholder has a right to presume that the conditions of the policy are those on which the parties agreed, namely the conditions of the policy with blanket limit coverage. See *Palmer v. Hartford Fire Ins. Co.*, 9 A. 248 (Conn. 1887).

Liberty Mutual's principal authority is two unreported cases involving liquor liability insurance that insurance brokers failed to purchase for policyholders that suffered a loss shortly thereafter. See Memo of Law at 6. Those cases are factually and legally distinguishable. Those cases involved allegations that the brokers agreed to assist the would-be policyholders in obtaining liquor liability insurance but did not obtain that insurance. The relevant pleadings in those cases failed to allege that the defendant insurance agents promised a specific result, actually securing the particular coverage. See *Decrescenzo v. CPM Ins. Svcs., Inc.*, No. CV075010892, 2007 WL 4733087, at *3 (Conn. Super. Dec. 9, 2007) ("in order to survive the motion to strike, [Plaintiff's] breach of contract claim must include allegations of a specific promised result"); *Berlin Corp. v.*

5

ORAL ARGUMENT REQUESTED

nydocs1-990091.2

*Continental Cas. Co.*, No. HHDCV064021653S, 2006 WL 3360298 (Conn. Super Nov. 2, 2006).

In this case, there were insurance contracts in place, and Plaintiff alleges that Liberty Mutual "agreed to renew Plaintiff's coverage on the same basis." Complaint at ¶ 22. The allegations here focus on Liberty Mutual promising coverage on a blanket limit basis and selling Plaintiff insurance policies with a per location limit – not the type of coverage that Plaintiff previously bought from Liberty Mutual and not the type that Liberty Mutual's agent promised to provide. This element was lacking in *Decrescenzo* and *Berlin* and provided grounds for dismissing the breach of contract actions therein – an allegation that Defendant promised a result and did not deliver. *See Decrescenzo*, 2007 WL 4733087, at *2 (quoting *Berlin*, 2006 WL 3360298, at *6).

### C.   In the Alternative, Plaintiff Should Be Given the Opportunity To Re-Plead.

The Federal Rules of Civil Procedure embrace a forgiving, notice pleading standard. *See* Fed. R. Civ. P. 8. Plaintiff maintains that it has properly pled its breach of contract action. However, if this Court finds that Plaintiff has not properly pled its breach of contract claim, then the Court should afford Plaintiff an opportunity to re-plead the elements of the breach of contract action.

6

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion To Dismiss.

By:   /s/ Finley T. Harckham
      Finley T. Harckham (CT 26403)
      ANDERSON KILL & OLICK, P.C.
      1251 Avenue of the Americas
      New York, NY  10020
      Telephone:  212-278-1000
      Facsimile:  212-278-1733

-and-

Amanda Winalski (CT 27727)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT  06901
Telephone:  203-388-7950
Facsimile:  203-388-0750

*Attorneys for Plaintiff*
Office Furniture Rental Alliance, LLC

7

ORAL ARGUMENT REQUESTED

## CERTIFICATION

This is to certify that on June 25, 2012, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion To Dismiss was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jeffrey E. Potter, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

                                                /s/ Finley T. Harckham
                                            Finley T. Harckham

ORAL ARGUMENT REQUESTED

nydocs1-990091.2