UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OFFICE FURNITURE RENTAL ALLIANCE, LLC | : | NO.:  3:11-CV-01889 (JBA) |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | : | JANUARY 31, 2013 |

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

The defendant, Liberty Mutual Fire Insurance Company, hereby submits the following answer.

## PARTIES

1.  As to paragraph 1, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

2.  That portion of paragraph 2, which states:  "Liberty Mutual is a Wisconsin corporation with its principal place of business in Boston, Massachusetts" is admitted. As to the remainder of paragraph 2, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

## NATURE OF ACTION

3.  As to paragraph 3, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

## JURISDICTION AND VENUE

4.  Paragraph 4 is admitted.

5.  Paragraph 5 is admitted.

## FACTS

6.  Paragraph 6 is admitted.

7.  As to paragraph 7, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

8.  That portion of paragraph 8, which states:  "anyone else in its employ with insurance expertise" is denied.  As to the remainder of paragraph 8, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

9.  That portion of paragraph 9, which states: "that continues to this day," is denied.  The remainder of paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11.     That portion of paragraph 11 which states: "When plaintiff first discussed its property needs with Mr. Lavanigie, in or around 1998, he recommended that the Plaintiff purchase blanket coverage from the Defendant" is admitted.  As to the remainder of paragraph 12, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

2

12.     The defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

13.  Paragraph 13 is admitted.

14.  That portion of paragraph 14, which states:  "In 2001, Plaintiff did not renew its property insurance coverage with Defendant" and "Nonetheless, Plaintiff continued to purchase other types of insurance policies for other risks from the Defendant at that time" are admitted.  As to the remainder of paragraph 14, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

15. That portion of paragraph 15, which states:  "who agreed on behalf of Defendant to provide the same type of property insurance coverage Defendant had issued to Plaintiff in the past" is denied.  The remainder of paragraph 15 is admitted.

16. That portion of paragraph 16, which states:  "Defendant asked Plaintiff to provide property values for each of the locations to be insured, which Plaintiff did and "Defendant issued Plaintiff a policy which had no blanket limit, but instead had a separate limit of coverage for each insured location " are admitted.  That portion of paragraph 16, which states "Plaintiff did not read the entire insurance policy" the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.  The remainder of paragraph 16 is denied.

17.  That portion of paragraph 17, which states:  "Every year from 2003-2009

3

Plaintiff renewed its property insurance with Defendant" and "During this period Plaintiff continued to deal with Mr. LaVangie" are admitted.  That portion of paragraph 17, which states "As in 2002, Plaintiff did not review the renewal policies and proposals issues to it by Defendant in an effort to determine whether the coverage was issues with a separate limit for each location" the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.  The remainder of paragraph 17 is denied.

    18. Paragraph 18 is admitted.

    19. Paragraph 19 is admitted.

    20. That portion of paragraph 20, which states:  "did not contest the accuracy of Plaintiff's calculation of its loss, but" is denied.  That portion of paragraph 20, which states "The claim submitted for Plaintiff's Fire loss totaled $5,234,579 gross value, which was then reduced to an actual cash value loss of $4,037,974"  the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.  The remainder of paragraph 20 is admitted.

## FIRST CAUSE OF ACTION, FOR BREACH OF CONTRACT

    21. Paragraph 21 is admitted.

    22. Paragraph 22 is denied.

    23. Paragraph 23 is denied.

    24. Paragraph 24 is denied.

    25. Paragraph 25 is denied.

26.  As to paragraph 26, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to its burden of proof.

27.  Paragraph 27 is denied.

28.  Paragraph 28 is denied.

29.  Paragraph 29 is denied.

### SECOND CAUSE OF ACTION, FOR NEGLIGENT MISREPRESENTATION

30.  Paragraph 30 is admitted.

31.  Paragraph 31 is denied.

32.  Paragraph 32 is denied.

33.  Paragraph 33 is denied.

34.  Paragraph 34 is denied.

35.  Paragraph 35 is denied.

36.  Paragraph 36 is denied.

37.  Paragraph 37 is denied.

38.  Paragraph 38 is denied.

### THIRD CAUSE OF ACTION, FOR REFORMATION

39.  Paragraph 39 is admitted.

40.  Paragraph 40 is denied.

41.  Paragraph 41 is denied.

42.  Paragraph 42 is denied.

43.  Paragraph 43 is denied.

44.  Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

## <u>AFFIRMATIVE DEFENSES</u>

### *First Affirmative Defense*

The plaintiff's claims are barred, in whole or in parts, because the plaintiff fails to state a claim upon which relief may be granted.

### *Second Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### *Third Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### *Fourth Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the doctrine or waiver.

### *Fifth Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the doctrine or estoppel.

### *Sixth Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### *Seventh Affirmative Defense*

The plaintiff's claims are barred, in whole or in part, by the terms, exclusions and policy limits.

**Eighth Affirmative Defense**

The damages sustained by plaintiff, if any, were solely or partly the proximate

result of the plaintiff's own negligence and/or comparative responsibility.

**Ninth Affirmative Defense**

The damages sustained by plaintiff, if any, have been paid under the terms and

conditions of a policy of insurance issued by the defendant.

**The Defendant demands a trial by jury.**

DEFENDANT,
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

By__/s/ Jeffrey E. Potter_____
  Jeffrey E. Potter
  ct26356
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)
  jpotter@hl-law.com

## CERTIFICATION

This is to certify that on **January 31, 2013**, a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dennis J. Artese
Anderson Kill & Olick P.C.-
1251 Avenue of The Americas 42nd Floor
New York, NY 10020
212-278-1000
212-278-1733 (fax)
dartese@andersonkill.com

Finley T. Harckham, Esq.
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
fharckham@andersonkill.com


   /s/ Jeffrey E. Potter_____
Jeffrey E. Potter

8